Judge IKUTA,
concurring:
I concur, but write separately because I disagree that Houston’s claims are barred by collateral estoppel. The preclusive effect of a state court judgment in a federal proceeding is governed by state law. Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 914-15 (9th Cir.1993), cert. denied, 512 U.S. 1205, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994); see also 28 U.S.C. § 1738. The Oregon Supreme Court has stated that a DMV proceeding lacks pre-clusive effect. See State v. Ratliff, 304 Or. 254, 259-60, 744 P.2d 247, 250 (1987) (“[T]he procedure used at license suspension hearings is expedited and informal. It provides an inadequate basis to justify giving collateral estoppel effect to the decision of the hearings officer in these cases.”); see also Chavez v. Boise Cascade Corp., 307 Or. 632, 772 P.2d 409, 410 (1989) (characterizing Ratliff as holding that the “motor vehicle department’s license suspension procedure too informal for preclu-sive effect.”); State v. Krueger, 170 Or.App. 12, 12 P.3d 53, 56-57 (2000). Because Oregon courts have not held that this preclusive effect is applicable only to the state and only in criminal proceedings, we should not do so.
Nevertheless, even resolving all factual disputes in favor of the plaintiff, Bryant had a reasonable suspicion for the stop based on his determination that the license plate light was out. I therefore concur in the decision to affirm the district court’s grant of summary judgment.